**Davis A. SAMCZYK, Plaintiff,**

v.

**CHESAPEAKE & OHIO RAILWAY COMPANY, a Virginia Corporation, Defendant.**

**Civ. A. No. 85–5160.**

United States District Court, E.D. Michigan, S.D.

July 16, 1987.

See also 643 F.Supp. 79.

L.C. John, Detroit, Mich., for plaintiff.

Gene S. Davis, Detroit, Mich., for defendant.

**MEMORANDUM OPINION AND ORDER**

SUHRHEINRICH, District Judge.

This matter is before the Court on defendant's motion for summary judgment. Plaintiff commenced this action in state court asserting claims under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 et seq., and the Michigan Handicappers Civil Rights Act (MHCRA), M.C.L.A. § 37.1101 et seq.. The FELA claim was dismissed by stipulation of the parties and defendant removed this action based upon diversity of citizenship. Defendant now contends this Court lacks subject matter jurisdiction over the MHCRA claim because the Railway Labor Act (RLA) vests the National Railroad Adjustment Board (NRAB) with exclusive jurisdiction over this type of dispute.

Plaintiff worked for defendant as a railroad brakeman for approximately twelve years. On November 17, 1984 plaintiff suffered a major heart attack while at work. Defendant granted plaintiff a six month leave of absence in order to recover from his illness.

On May 23, 1985, plaintiff reported to the Detroit Industrial Clinic for a medical evaluation to determine if he could return to work. After plaintiff's evaluation, Dr. Thomasino, Chief Medical Officer for defendant, sent plaintiff a letter dated June 3, 1985 advising him that his physical condition precluded him from working as a brakeman.

Subsequently, Dr. Thomasino obtained additional medical records from plaintiff's treating physician, Dr. Presard L. Mikkilineni. After reviewing plaintiff's medical records and upon the recommendation of Dr. Mikkilineni, Dr. Thomasino sent plaintiff another letter dated August 23, 1985 reaffirming his prior decision that plaintiff was medically unqualified to perform the duties of a brakeman.

Plaintiff did not believe his physical condition precluded him from working as a brakeman. Rather, plaintiff believed the defendant was discriminating against him based on his handicap. As a result, plain-

tiff filed this action claiming defendant violated his civil rights under the MHCRA. In response, defendant contends the NRAB has exclusive jurisdiction over this dispute and, therefore, the Court should dismiss this matter for lack of jurisdiction.

The RLA promotes stability in labor-management relations by providing effective and efficient remedies for labor disputes. *Union Pacific Railroad Co. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). Disputes between employees and railway carriers arising "out of the interpretation or application of the collective bargaining agreement ... [are] commonly referred to as 'minor disputes' ".[1] *Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902, 904 (6th Cir.1983). The Sixth Circuit has classified a dispute as minor "if the disputed action of one of the parties can 'arguably' be justified by the existing [employment] agreement...." *Local 1477 United Transportation Union v. Baker*, 482 F.2d 228, 230 (6th Cir.1973); *See also Stephens v. Norfolk and W. Ry. Co.*, 792 F.2d 576, 580 (6th Cir.1986). The Supreme Court and the Sixth Circuit have repeatedly held the NRAB has primary and exclusive jurisdiction over minor disputes. *Sheehan*, 439 U.S. at 93–94, 99 S.Ct. at 401–02; *Baker*, 482 F.2d at 230; *Kaschak*, 707 F.2d at 905.

Recently, the Sixth Circuit held that a complaint filed by a railroad employee, who was disqualified from work due to a doctor's examination, constituted a "minor dispute" and was subject to the exclusive jurisdiction of the NRAB; notwithstanding the employee's argument that his cause of action arose out of a civil rights violation under the MHCRA. *Stephens v. Norfolk and W. Ry. Co.*, 792 F.2d 576, 579–580 (6th Cir.1986). The Court in *Stephens* specifically stated:

> We reject Stephens' jurisdictional claim premised on alleged violations of the Michigan Handicapper's Civil Rights Act. The collective bargaining agreement covers aspects of the work relationship including N & W Railway's prerogative for setting physical qualifications for employees. N & W Railway legitimately exercised rights granted by the collective bargaining agreement in disqualifying Stephens. Any disagreement with N & W Railway's decision necessarily implies interpretation and application of the collective bargaining agreement. Consequently, Stephens' complaint constitutes a minor dispute subject to primary and exclusive jurisdiction of the NRAB.

*Id.* at 581.

Upon careful review of the record, the Court finds the facts in *Stephens* to be substantially similar to the facts in the case at bar. The Court further finds defendant had the right under the collective bargaining agreement to determine the physical qualifications necessary for performing different jobs. Any disagreement plaintiff may have with the defendant's decision "implies interpretation and application of the collective bargaining agreement". *Id.* at 581. Moreover, as in *Stephens*, plaintiff's civil rights claim presents a matrix of facts "inextricably intertwined" with the contract grievance proceedings and the RLA. *Id.* at 851.

For the foregoing reasons, the Court finds plaintiff's complaint constitutes a minor dispute subject to the exclusive jurisdiction of the NRAB.

Accordingly,

IT IS HEREBY ORDERED that this action is DISMISSED for lack of jurisdiction.

---

1. It should be noted that plaintiff is a member of the United Transportation Union and the terms and conditions of his employment contract with the defendant are governed by the collective bargaining agreement between the United Transportation Union and the defendant.